IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DATREIZ HARRIS, | : | |
| Plaintiff | : | |
| VS. | : | |
| CLIFFORD AND GLADYS DUNBAR, | : | NO. 7:11-cv-80 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **DATREIZ HARRIS**, an inmate at Georgia State Prison ("GSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. On June 9, 2011, United States Magistrate Judge G.R. Smith of the Southern District of Georgia transferred Plaintiff's complaint to this Court, because the named defendants reside, and the relevant events occurred, in the Middle District of Georgia. He had previously granted Plaintiff's motion to proceed *in forma pauperis*.

Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). Under section 1915(b), the prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full. The Clerk of Court is directed to send a copy of this order to the business manager of the GSP.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. **See Chappell v. Rich**, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). **See also** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A shall be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff sues his former landlords, Clifford and Gladys Dunbar of Thomasville, Georgia. According to Plaintiff, the Dunbars improperly evicted Plaintiff from a trailer in Thomasville, in which Plaintiff resided prior to his incarceration. Plaintiff seeks, *inter alia*, compensatory and punitive damages.

## III. DISCUSSION

Plaintiff filing his complaint on a 42 U.S.C. § 1983 form presumably indicates his intent to sue the Defendants under that statute. He has not, however, alleged facts sufficient to support either prerequisite (discussed above) for maintaining a section 1983 action. Plaintiff does not allege that the Defendants violated any provision of the U.S. Constitution or any law of the United States. Wrongful eviction is merely a state law claim, which Plaintiff must bring in state court. Plaintiff's

allegations similarly do not suggest that the Dunbars acted under color of state law. Rather, the Dunbars appear to be private individuals acting only as such. *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (explaining limited conditions under which private parties may constitute state actors). Thus, Plaintiff has failed to allege a valid claim under section 1983.

Nor has Plaintiff alleged any other basis for this Court's jurisdiction over his dispute with the Dunbars. As discussed above, he alleges only a state law claim, and thus this Court has no federal question jurisdiction under 28 U.S.C. § 1331. Because Plaintiff and Defendants are all citizens of Georgia, federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 is similarly unavailable. This action must therefore be dismissed, as there is no basis for its being filed in federal court.

## IV. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** under section 1915A for failure to state a claim upon which relief can be granted.

**SO ORDERED**, this 15th day of June, 2011.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr